Larry O. Folks, #012142
Lisa S. Kass, #020859
**FOLKS & O'CONNOR, PLLC**
1850 N. Central Ave, #1140
Phoenix, Arizona 85004
Telephone: (602) 262-2265
Facsimile: (602) 256-9101
*Attorneys for the Movant, MB Financial Bank, NA, successor by merger with Oak Brook Bank*

# IN THE UNITED STATES BANKRUPTCY COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 Proceedings |
| JACK ROBERT SILVERMAN, | Case No.: 2:10-bk-31920-CGC |
| Debtor. | |
| MB FINANCIAL BANK, NA, SUCCESSOR BY MERGER WITH OAK BROOK BANK, | **MOTION FOR RELIEF FROM THE AUTOMATIC BANKRUPTCY STAY** |
| Movant, | **Re: 2006 Harley Davidson FXDCI** |
| vs. | |
| JACK ROBERT SILVERMAN, DEBTOR; AND DALE D. ULRICH, CHAPTER 7 TRUSTEE, | |
| Respondents. | |

MB Financial Bank, NA, successor by merger with Oak Brook Bank, ("Bank"), by and through its undersigned counsel, hereby requests that the Court enter an order terminating any and all stays and injunctions, including the bankruptcy automatic stay of 11 U.S.C. § 362(a), to allow Bank to exercise its state law rights and remedies in and to its collateral which is a 2006 Harley Davidson FXDCI motorcycle identified as VIN #1HD1GV1106K320953(the "Motorcycle") which include taking possession of the Motorcycle and selling it pursuant to the requirements of the Uniform Commercial

Code. This "<u>Motion for Relief from Stay</u>" ("Motion for Relief") is submitted pursuant to 11 U.S.C. §362(d), Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-1 and is supported by the following Memorandum of Points and Authorities.

RESPECTFULLY SUBMITTED this 10th day of December, 2010.

**FOLKS & O'CONNOR, PLLC**

By    /s/ Lisa Kass
Larry O. Folks
Lisa S. Kass
FOLKS & O'CONNOR, PLLC
1850 N. Central Ave #1140
Phoenix, AZ 85004
*Attorneys for the Movant, MB Financial Bank, NA, successor by merger with Oak Brook Bank*

## MEMORANDUM OF POINTS AND AUTHORITIES

1. This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. § 1334. The filing of this Motion for Relief commences a contested matter pursuant to Bankruptcy Rule 9014. This Motion for Relief is also submitted to comply with Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-1.

2. On October 4, 2010, (the "Petition Date"), Jack Robert Silverman (the "Debtor") filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

3. Hacienda Harley Davidson ("Dealer"), is a retail motorcycle dealership located in Scottsdale, Arizona which is, or was, a party to a Retail Installment Contract and Security Agreement with Bank (the "Dealer Contract Purchase Agreement"). The Dealer Contract Purchase Agreement: (i) authorizes, or authorized, Dealer to enter into retail installment sales contracts to sell motorcycles to Dealer's customers; (ii) allows, or allowed, Bank, at its option, to finance motorcycles to Dealer's customers pursuant to such retail installment sales contracts; and (iii) provided, or provides, for Bank to

acquire and be assigned any and all of Dealer's rights under any retail installment sales contract entered into with one of its customers concerning which Bank financed the customer's purchase of a motorcycle, including, without limitation, the purchase money security interest granted and pledged to Dealer by such customer in a financed motorcycle.

4. On May 5, 2006, Dealer and Borrower entered into a Retail Installment Sale Contract (the "Installment Sale Contract") to finance Borrower's purchase of the Motorcycle that is the subject of this motion. A true and accurate copy of the Installment Sale Contract is attached hereto as <u>Exhibit A</u> and is herein incorporated herein by this reference.

5. The Installment Sale Contract serves as, among other things, a promissory note to evidence the indebtedness financed by Bank and owed by Borrower and a security agreement pursuant to which Borrower granted and pledged a purchase money security interest in the Motorcycle to Dealer to secure the indebtedness.

6. Bank has perfected its first-priority purchase money lien upon the Motorcycle by noting its purchase money security interest and lien upon the Certificate of Title to the Motorcycle with the Arizona Department of Motor Vehicles. A true and accurate copy of the Certificate of Title issued concerning the Motorcycle which lists the notation of Bank's first-priority purchase money lien upon the Motorcycle is attached hereto as <u>Exhibit B</u> and is herein incorporated by this reference.

7. On November 3, 2006, Oak Brook Bank merged with MB Financial Bank. A true and accurate copy of the Merger letter is attached hereto as <u>Exhibit C</u>.

8. Debtor has failed to pay his scheduled monthly payments of $338.67 due under the Installment Sale Contract since September of 2010.

9. The unpaid balance of the Note consists of (i) a principal amount of $8,002.43; (ii) accrued interest of $313.08 (iii) late charges of $20.00; (iv) attorneys'

1  fees of $350.00; and (v) filing costs of $150.00 for a total pay off amount of $8,835.51
2  (the "Loan Balance").

3  10. Bankruptcy Code §506(a)(2) provides that in a case under Chapter 7 or 13, the value of personal property acquired for personal, family, or household purposes securing an allowed secured claim shall be determined based upon the "replacement value" of such property which shall mean "the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined". 11 U.S.C. §506(a)(2).

11. Bank's estimate of the "replacement value" of the Motorcycle is $8,615.00. This estimate is based upon the current Black Book "Average Retail Value" of the Motorcycle. In addition, Schedule B of the Debtor's Schedules of Assets and Liabilities filed in this case concede a value of the Motorcycle in the amount of $15,550.00. A true and accurate copy of Black Book valuation report specific to the Motorcycle which substantiates Bank's estimate of the "replacement value" of the Motorcycle is attached hereto as Exhibit D and is herein incorporated by this reference.

12. Bank has not been supplied with any evidence that the Motorcycle is properly insured.

13. Bankruptcy Code §362(d)(1) specifically lists **the lack of adequate protection** as sufficient **cause** for granting a creditor relief from the automatic stay. Generally, Bankruptcy Courts consider a secured creditor to be adequately protected if an "equity cushion" exists in the subject property. In re Nashau Trust Company, 73 B.R. 423, 431 (Bankr. N.J. 1987). An "equity cushion" has been defined as the "value in the property, above the amount owed to the creditor with a secured claim, that will shield that interest from loss due to any decrease in the value of the property during the time the automatic stay remains in effect". In re Mellor, 734 F.2d 1396, 1400 N.2 (9th Cir. 1984) *quoting* In re Roane, 8 B.R. 997, 1000 (Bankr. E.D. Pa. 1981), *aff'd*, 14 B.R. 542

(E.D. Pa. 1981). Whether there is an "equity cushion" in a particular property is decided on a case-by-case basis. In re Kost, 102 B.R. 829 (Bankr. Wyo. 1989). In addition, as defined by Bankruptcy Code §361, adequate protection may consist of cash payments, additional or replacement liens, or any other relief providing the secured creditor the indubitable equivalent of its interest in the property. 11 U.S.C. §361.

14. Because Bank's Loan Balance and the lien upon the Motorcycle are equal to the "replacement value" of the Motorcycle, no "equity cushion" exists in this case to protect Bank's interest in the Motorcycle. In fact, Bank contends that it is an undersecured creditor and, as such, it is entitled to adequate protection of its interest in the Motorcycle to the extent that the Motorcycle is declining in value. United Savings Association of Texas, 484 U.S. 365, 108 S.Ct. 626, 630, 98 L.Ed. 2d 740 (1988).

15. In this case, the value of the Motorcycle, as a depreciating motor vehicle, is declining in value on a daily basis. Because the Debtor is not making any scheduled monthly payments, any adequate protection payments, nor offering any other form of adequate protection to compensate Bank for said ongoing diminution in value of its lien position, Bank is not being adequately protected and is entitled to relief from the automatic stay for **cause** pursuant to Bankruptcy Code §362(d)(1).

16. The Bankruptcy Code does not limit the scope and definition of **cause** that justifies granting a creditor relief from the automatic stay pursuant to Bankruptcy Code §362(d)(1). In fact, bankruptcy judges have significant discretion to grant such relief based upon the facts of a specific case. In re Mac Donald, 755 F.2d 715, 717 (9th Cir. 1985); In re Lomas Mortgage USA, 980 F.2d 1270 (9th Cir. 1992); and In re Shirley, 134 B.R. 940 (9th Cir. BAP 1992).

17. An alternative basis for granting Bank relief from the automatic stay concerning the Motorcycle is Bankruptcy Code §362(d)(2). To obtain relief pursuant to §362(d)(2), there must be **no equity** in the collateral securing the creditor **and** the

5

collateral must not be necessary for an effective reorganization of the debtor. 11 U.S.C. §362(d)(2). <u>In re Sun Valley Newspapers, Inc.,</u> 171 B.R. 71, 74 (9th Cir. BAP 1994); <u>La Jolla Mortgage Fund v. Rancho El Cajon Associates,</u> 18 B.R. 283, 286, 289-290 (Bankr. S.D. Cal. 1982). The debtor bears the burden on all issues except whether equity exists in the collateral securing the creditor. <u>United Savings Assn. of Texas v. Timbers of Inwood Forest Associates, Ltd.,</u> 484 U.S. 365, 108 S.Ct. 626, 632, 98 L.Ed.2d 740 (1988).

18. Bank has also established herein that there is **no equity** in the Motorcycle which serves as its collateral. Therefore, the burden is on the Debtor to demonstrate that the Motorcycle is necessary for an effective reorganization. 11 U.S.C. §362(g).

19. WHEREFORE, Bank requests that the Court enter an order terminating any and all stays and injunctions, including the bankruptcy automatic stay of 11 U.S.C. 362(a), in its favor with respect to the Motorcycle, to allow Bank to exercise its state law rights and remedies which include taking possession of and selling the Motorcycle pursuant to the requirements of the Uniform Commercial Code.

DATED this 10th day of December, 2010.

                                              FOLKS & O'CONNOR, PLLC

                                              By    /s/ Lisa Kass
                                                    Larry O. Folks
                                                    Lisa S. Kass
                                                    1850 N. Central Ave #1140
                                                    Phoenix, AZ 85004
                                                    *Attorneys for Movant*

**ORIGINAL** filed by **ECF** and
**COPIES** of the foregoing mailed
this 10th day of December, 2010, to:

Jack Robert Silverman
13277 North 101st St
Scottsdale, AZ 85260-7229
*Debtor*

| | |
|---|---|
| 1 | J. Murray Zeigler<br>Zeigler Law Group, Plc |
| 2 | 1351 N Criss St<br>Chandler, AZ 85226-1307 |
| 3 | *Attorney for Debtor* |
| 4 | Dale D. Ulrich<br>Pmb-615 1928 E. Highland, #F104 |
| 5 | Phoenix, AZ 85016-4626<br>*Chapter 7 Trustee* |
| 6 | |
| 7 | US Trustee<br>Office of the US Trustee |
| 8 | 230 North First Avenue<br>Suite 204 |
| 9 | Phoenix, AZ 85003-1706 |
| 10 | By /s/ McKinley Sedig<br>*An Employee of Folks & O'Connor, PLLC* |

7